# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**AMERIFACTORS FINANCIAL GROUP, LLC,**

**Plaintiff,**

**v.** **Case No: 6:25-cv-002213-CEM-DCI**

**FLORENCE TECHNOLOGIES, PBC d/b/a Florence Education f/k/a Florence Technologies, Inc., DANTE FANNON TOLBERT, CARLY TOLBERT, and GRADY MEMORIAL HOSPITAL CORPORATION f/k/a GRADY HEALTH SYSTEM,**

**Defendants.**

______________________________________/

## ORDER

This cause comes before the Court on the Motion to Stay Discovery filed by Defendant Grady Memorial Hospital Corporation (Grady). Doc. 64 (the Motion). Grady seeks a stay on all discovery in this action as to Grady[1] pending resolution of Grady's Motion to Dismiss Plaintiff's Amended Complaint. Grady contends that it "raises jurisdictional and legal challenges that, if granted, will dispose of this action as to Grady in its entirety." *Id.* at 1. Specifically, Grady argues that the Court "lacks personal jurisdiction over Grady and each of the five counts Plaintiff AmeriFactors Financial Group, LLC ('AmeriFactors') asserts against Grady—breach of contract, promissory estoppel, fraudulent misrepresentation, negligent misrepresentation, and civil

[1] Grady initially states that it requests a stay as to all discovery in this action, but concludes that it seeks the stay "as to Grady." Doc. 1 at 1, 11. Whether Grady's request relates to all discovery or only discovery directed to it, the Court finds that a stay is not appropriate.

conspiracy—fails as a matter of law." *Id.* at 1 to 2. Plaintiff has filed a response in opposition to the Motion. Doc. 73. The Motion is due to be denied.

The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.") (citations omitted). A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D.N.C. 1988)).

The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2021) at Section (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden"). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652 (quotation omitted). In making this determination, "it is necessary for the Court to take a 'preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53 (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)); *see also Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 842 (11th Cir. 2020) (condoning the use of the "preliminary peek" to decide whether to stay discovery pending a dispositive motion). "And Eleventh Circuit case law, including the holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th

Cir. 1997), does not support 'the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss.'" *Negreanu v. Starbucks Corp.*, 2023 WL 1971435, at *1 (M.D. Fla. Feb. 13, 2023) (quoting *In re Winn Dixie Stores, Inc. ERISA Litig.*, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007)).

Here, Grady has not demonstrated that discovery should be stayed. First, Grady's argument that the Motion to Dismiss raises meritorious challenges to the sufficiency of the claims is raised in a perfunctory manner in that Grady offers only conclusory statements regarding the plausibility of the allegations. *See e.g.*, Doc. 64 at 7 ("The promissory estoppel claim fails because [Plaintiff] does not and cannot plausibly allege that Grady made any promise to [Plaintiff]."). Grady does not address the specific arguments raised in the Motion to Dismiss or Plaintiff's response to the Motion to Dismiss, and blanket and unsupported assertions do not meet the burden for relief.

Second, with respect to Grady's personal jurisdiction challenge, taking a "preliminary peek" at the Motion to Dismiss and without expressing any opinion as to its resolution, the undersigned[2] is not convinced that the Motion to Dismiss is so clearly meritorious such that a stay of discovery is warranted. Grady argues in the Motion to Dismiss that Florida's long arm statute does not confer jurisdiction because Grady does not have an office in Florida, is not licensed to do business in the state, and it does not treat patients in Florida. Grady contends that Plaintiff alleged a single transaction related to Florida, but "[c]ourts generally only find that single transactions constitute 'business ventures' under the long-arm statute 'where the transaction was substantial in scope and could lead to additional economic activity in the state.'" Doc. 50 at 4, 11, 12 (quoting *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 Fed. App'x 779, 785 (11th Cir.

[2] The Motion is referred to the undersigned, but the Motion to Dismiss remains before the Court.

Sept. 2, 2014)). Grady also argues that a tort was not committed in Florida, there is no valid contract between Plaintiff and Grady, and no allegation that a breach occurred in Florida. *Id.* at 13 to 18. Plaintiff, on the other hand, opposes each of Grady's arguments citing to specific allegations in the Amended Complaint in support of its position that jurisdiction exists. Doc. 56 at 9 to 13. Overall, this does not appear to be a situation where the allegations of the Amended Complaint are "especially dubious." *See Chudasma*, 123 F.3d at 1368.

Third, if the Court grants Grady the requested relief, the discovery against the other Defendants in this case still goes forward, and it seems discovery directed to Grady would be necessary anyway due to the nature of the claims. *See Live Face on Web, LLC v. Tweople, Inc. et. al.*, 2014 WL 12611356, at *1 (M.D. Fla. Apr. 29, 2014) (finding that "[a] general stay of discovery against [a defendant] is also not appropriate because [the plaintiff] is pursuing claims against multiple [d]efendants, and based upon the averments in [the plaintiff's] response to [the defendant's] motion to dismiss, it appears that even if the motion to dismiss is granted, [the defendant] will still be subject to discovery due to the pendency of [the plaintiff's] claims against [the other defendants]. . ..").

But even if discovery as to Grady would be unnecessary to prosecute the claims against the other Defendants, a stay at this point in the proceedings would frustrate the progress of the case. The Court has entered the CMSO, which controls the parties' deadlines. Grady has made no showing that discovery against all Defendants should be stayed, and no other Defendant has requested the same relief. Instead, Defendant Florence has filed only a partial motion to dismiss while Defendants Dante Fannon Tolbert and Carly Tolbert have filed answers to the Amended Complaint. Docs. 53, 54. The other parties are actively litigating the matter, and the management

of this case will clearly be impacted by stayed discovery if Grady remains in the case upon resolution of the Motion to Dismiss.

Finally, Grady's contention that responding to discovery will require substantial time and resources does not persuade the Cout that an undue burden to respond to discovery exists. As Grady states, Plaintiff has propounded 25 Request for Production to Grady and 9 Interrogatories on both Grady and the other Defendants. Doc. 64 at 10, n.2. So far, the burden to respond to this discovery does not outweigh the harm from the delay that the stay would cause.

Also, if Grady finds the discovery to be burdensome when served, Grady may still file a motion to address that contention. *See Physician Surgical Network*, 2022 WL 6163122, at *2 (denying a motion to stay discovery and finding that even though discovery can be costly and time consuming the defendant could "present a separate motion to address any 'unduly burdensome' discovery requests"); *Severe-Puhl v. Barry Univ., Inc.*, 2022 WL 1689982, at *2 (M.D. Fla. June 11, 2026) ("'[T]he multitude of tools provided by the discovery rules remain at [the defendant's] disposal,' and 'particularized discovery issues [may] be addressed and resolved on a case-by-case basis, which is a more prudent approach than an indiscriminate blanket stay on discovery.'") (quoting *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *4 (S.D. Fla. Nov. 9, 2012)).

Based on the foregoing, it is **ORDERED** that the Motion to Stay (Doc. 64) is **DENIED**.

**ORDERED** in Orlando, Florida on August 19, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record